IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **CHRISTOPHER MATLOCK** § § § § **VS.** § § § § § **TRANE TECHNOLOGIES** § **COMPANY, LLC** § | **CIVIL NO. 6:23-cv-63** **JURY DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

### I. NATURE OF THIS ACTION

1. Plaintiff Christopher Matlock (hereinafter "Matlock" or Plaintiff) who worked for Defendant Trane Technologies Company, LLC (hereinafter "Trane Technologies" or "Defendant") brings this action to redress race discrimination.

2. Plaintiff brings this action for unlawful discrimination in violation of 42 U.S.C. § 1981 ("Section 1981") against Defendant.

3. Plaintiff seeks back pay, front pay, compensatory, nominal and punitive damages, and attorneys' fees, costs and expenses to redress Defendant's discriminatory employment policies, practices and procedures.

### II. JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1331. This is a discrimination suit authorized and instituted pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

5. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(c) because Defendant is subject to personal jurisdiction and resides in Texas.

6. The Eastern District of Texas is the proper forum in which to litigate the claims in this case. Plaintiff worked at Defendant's facility in Tyler, Smith County, Texas.

### III.  PARTIES

**A.  Plaintiff**

7. Plaintiff Christopher Matlock is a citizen of the United States and a resident of Tyler, Texas.

**B.  Defendant**

8. Trane Technologies Company, LLC does business in the state of Texas with its principal offices in Tyler, Texas. Trane Technologies may be served with process by serving its registered agent for service Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

### IV.  FACTUAL ALLEGATIONS

9. Plaintiff Christopher Matlock was employed by Trane in the Tyler, Texas factory from August 20, 2007 until he was terminated on or about November 22, 2021.

10. On November 5, 2021, Matlock volunteered to work overtime on a new shift in the 'Spin Fin' area. The shift started at 4:00 p.m. and at the beginning of the shift, Matlock did not know exactly what to do nor where to go.  On this day Matlock did not get his machine assignments until around 6:00 p.m.  Matlock ran two machines from 6:00 p.m. until 8:00 p.m., which were 53 & 54. Matlock clocked out at 8:00 p.m.

11. On November 6, 2021, Matlock clocked in at 4:00 p.m. and went to the Spin Fin cage area to get his work assignment. There were no supervisors nor Designated Lead Personnel

around.  Matlock asked a couple people who were also standing in cage area if they had seen a supervisor or DLP and they said no.  Around 4:10 p.m., Matlock started to feel ill and went to the restroom.  Around 4:30 p.m., Matlock finally found a DLP and told him that he was not feeling well and was going home.  Matlock clocked out at 4:41 p.m.  No work assignments were given before he clocked out and there were still other workers standing in the cage area waiting for assignments.

12. On November 8, 2021, Matlock reported to work at 3:00 a.m. and worked until almost 10:00 a.m.  The first shift supervisor (Chris Taylor) came up to Matlock and gave him a warning for Saturday.  Matlock informed him he had gotten sick and clocked out and that he had the correct documentation to support his leaving.  (Documentation was a receipt with his name and date on it.)  He told Matlock to throw it away because HR already has made the decision to issue the warning.  About 10 minutes later Chris Taylor and Jimmy Wade (Union Rep) came to his work area and said HR ordered that he be suspended. Matlock was walked to the security guard shack and left the premises.

13. On November 9, 2021, a "Day In Court" was held with Matlock, Jimmy Wade, Daniel, and Sherri Smiley.  Matlock was accused of playing cards on the clock for the entire shift on Saturday.  Matlock told her that was false cause he was only at the plant for 41 minutes, got sick and clocked out and specifically denied playing cards on the clock.

14. On November 22, 2021, Matlock received a certified letter by mail stating that he was terminated for falsification of payroll records related to the allegation that he was 'wasting time' on the clock.

15. Plaintiff relies upon at least four white comparators who were allegedly falsifying payroll records on the clock but were not terminated: Clark Thomas was suspended for 45 minutes,

and he was put back to work and Jim Brittain was suspended for 45 minutes, and he was put back to work. David Isbell was suspended for 45 minutes and was terminated for violating a last chance agreement. Robert Richer was suspended for wasting time in the month of May 2022.

16. As a result of his termination, Matlock has suffered lost wages and benefits. Additionally, as a result of his termination Matlock has suffered extreme emotional distress, embarrassment, severe disappointment, indignation, shame, despair, and public humiliation.

## V.    CAUSE OF ACTION (Section 1981)

17. Matlock alleges that Trane has discriminated against him by treating him differently from and less preferably than similarly situated non-African American employees and subjecting him to discriminatory subjection to disciplinary procedures, disparate terms and conditions of employment, harassment, hostile work environments, termination, and other forms of discrimination in violation of Section 1981.

18. Trane's conduct has been disparate, intentional, deliberate, willful and conducted in callous disregard of the rights of Matlock.

19. By reason of the discrimination suffered at Defendant, Matlock is entitled to all legal and equitable remedies available under Section 1981.

## VI.    JURY DEMAND

20. Matlock requests a trial by jury to the extent allowed by law.

WHEREFORE, Plaintiff Christopher Matlock requests the following relief:

A. Declaratory judgment that Defendant's employment policies, practices and/or procedures challenged herein are illegal and in violation of Section 1981;

B. An award of back pay, front pay, lost benefits, preferential rights to jobs and other damages for lost compensation and job benefits suffered by Matlock to be determined at trial;

    C.    Any other appropriate equitable relief to Matlock;

    D.    An award of compensatory, nominal and punitive damages to Plaintiff;

    E.    An award of litigation costs and expenses, including reasonable attorneys' fees, to the Plaintiff;

    F.    Pre-judgment interest;

    G.    Such other and further relief as the Court may deem just and proper; and

    H.    Retention of jurisdiction by the Court until such time as the Court is satisfied that the Defendants have remedied the practices complained of herein and are determined to be in full compliance with the law.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
Texas Bar No. 09934250
HOMMEL LAW FIRM PC
5620 Old Bullard Road, Suite 115
Tyler, TX 75703
(903) 596-7100 Telephone and Facsimile
bhommel@hommelfirm.com

ATTORNEY FOR PLAINTIFF